# IN THE UNITED STATES DISTRICT COURT
# THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CDN INNOVATIONS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> D-LINK CORPORATION, <br><br> Defendant. | Civil Action No. 6:23-cv-00069 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CDN Innovations, LLC ("CDN" or "Plaintiff"), for its Complaint against Defendants D-Link Corporation ("D-Link" or "Defendant"), alleges the following:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.     Plaintiff CDN is a limited liability company organized under the laws of the State Georgia with a place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

3.     On information and belief, Defendant D-Link is a corporation organized and existing under the laws of Taiwan, having its principal place of business at No. 289, Xinhu 3rd Road, Neihu District, Taipei 11494, Taiwan.

4.     On information and belief, Defendant D-Link, either itself and/or through the activities of its subsidiaries, makes, uses, sells, offers for sale, and/or imports throughout the United States, including within this District, products that infringe the Patents-in-Suit, defined below.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by D-Link of claims of U.S. Patent Nos. 7,293,291 ("the '291 patent") and 7,565,699 ("the '699 patent"). (collectively "the Patents-in-Suit").

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has specific and general personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, due at least to its business in this forum, including at least a portion of the infringements alleged herein.

8. Plaintiff's claims arise directly from Defendants' business contacts and other activities in the State of Texas and in the Western District of Texas. Plaintiff's claims arise directly from Defendants' business contacts and other activities in the State of Texas and in the Western District of Texas.

9. D-Link is subject to personal jurisdiction of this Court because, inter alia, on information and belief, (i) D-Link has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas including in this Judicial District; (ii) D-Link purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas including in this Judicial District; and (iii) D-Link delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas including in this Judicial District and derive revenues from products sold to Texas residents. For example, D-Link's website states in its Terms of Use that "D-Link Corporation and its family of companies … are devoted to providing the best products and Services for customers" including customers in this Judicial District and the State of Texas via,

inter alia, D- Link's website. See https://shop.us.dlink.com/policies/terms-of-service; see also https://shop.us.dlink.com/collections/d-link-wifi-routers; see also https://us.dlink.com/en/business/where-to-buy. As a further example, D-Link has over 675 certifications from the Wi-Fi Alliance for Wi-Fi enabled D-Link products. See https://www.wi-fi.org/product-finder-results?sort_by=default&sort_order=desc&companies=137. As a further example, D-Link is the applicant for FCC registrations for the sale and use of products that infringe the Patents-in-Suit in the U.S. See Ex. 1. In addition, or in the alternative, this Court has personal jurisdiction over D-Link pursuant to Fed. R. Civ. P. 4(k)(2).

10. The Court has personal jurisdiction over D-Link, directly and/or through the activities of D-Link subsidiaries, intermediaries, agents, related entities, alter egos, distributors, importers, customers, and/or consumers. Through direction and control of these various entities, D-Link has committed acts of patent infringement within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over D-Link would not offend traditional notions of fair play and substantial justice.

11. A Court in Texas has recently found that it has personal jurisdiction over D-Link based on its stream of commerce involving Wi-Fi products. *Am. Patents LLC v. D-Link Corp.*, Civil Action No. 4:19-cv-764, 2020 U.S. Dist. LEXIS 123158, at *12 (E.D. Tex. July 14, 2020). Specifically, the Court held "the evidence suggests that, even if not the manufacturer of the accused products, D-Link Corp. at the very least has some level of control over the accused products' placement into the stream of commerce that ends in sales in the United States and in Texas that ends in sales of the accused products in the United States and in Texas." *Id.* Further, "the evidence suggests that D-Link Corp. plays a role in furnishing the accused products to D-Link International, which then coordinates with D-Link Systems to have those products distributed and sold in the United States, including in Texas. *Id.* at *14. Moreover, "there is

evidence that D-Link Corp. seeks out the United States market for sales of the accused products. Product packaging and documentation for some of the accused products is apparently labeled with D-Link Corp. copyrights, as are United States and Texas case studies from D-Link's website—many of which highlight the use of D-Link Corp.'s products in Texas." *Id.* at *15.

12. Venue is proper as to D-Link in this District under 28 U.S.C. § 1391(c) because, *inter alia*, D-Link is a foreign corporation.

## BACKGROUND

### The Inventions

*Detecting Port Inactivity*

13. Brian Gonsalves and Kenneth Roger Jones (hereinafter "the Inventors") are the inventors of U.S. Patent Nos. 7,293,291 ("the '291 patent") and 7,565,699 ("the '699 patent"). A true and correct copy of the '291 patent is attached as Exhibit A1. A true and correct copy of the '699 patent is attached as Exhibit B1.

14. The '291 and '699 patents resulted from the pioneering efforts of the Inventors in the area of computer network connections, particularly in the area of detecting computer port inactivity. These efforts resulted in the development of a method and system for detecting an idle or inactive data port connection on a personal computer in 2003.

### COUNT 1– INFRINGEMENT OF U.S. PATENT NO. 7,293,291

15. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

16. On November 6, 2007, the '291 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity."

17. CDN is the assignee and owner of the right, title and interest in and to the '291

patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

18. Upon information and belief, TP-Link has and continues to directly infringe one or more claims of the '291 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit A2 hereto (the "*Accused Port Triggering Instrumentalities*"). For example, on information and belief, D-Link at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in United States.

19. Exemplary infringement analysis showing infringement of at least claim 1 of the '291 patent is set forth in Exhibit A2. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by D-Link with respect to the '291 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '291 patent.

20. Upon information and belief, users of devices containing *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claim 1 of the '291 patent.

21. D-Link's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 1 of the '291 patent—constitutes inducement of others under 35 U.S.C. § 271(b). D-Link's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not

only configured to enable port triggering but specifically intended for use of router products designed to utilize port triggering functionality.

22. For example, on its website, D-Link expressly states in the User Manual for AC1750 MU-MIMO Wi-Fi Gigabit Router (DIR-867) that port forwarding is implemented. https://support.dlink.com/resource/PRODUCTS/DIR-867/REVA/DIR-867_REVA_MANUAL_v1.02_WW.pdf (last visited 02/01/2023). Further, on AT&T website, steps for setting up port triggering for D-Link router is provided. https://asecare.att.com/wp-content/uploads/2017/02/Setting-Up-Port-Triggering-for-D-Link-Routers-3742.pdf (last visited 02/01/2023). Such evidence demonstrates D-Link's specific intent (or at least willful blindness) to actively aid and abet others to infringe, including but not limited to D-Link's partners and downstream customers, whose use of the *Accused Port Triggering Instrumentalities* constitutes direct infringement of at least claim 1 of the '291 patent.

23. Upon information and belief, D-Link is also liable as a contributory infringer of the '291 patent under 35 U.S.C. § 271(c). D-Link offers to sell, sells and/or imports into the United States the *Accused Port Triggering Instrumentalities,* which are especially configured to enable router port forwarding/port triggering. D-Link's such activities, as shown in Exhibit A2, constitute an infringement of the '291 patent. The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '291 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

24. The *Accused Port Triggering Instrumentality* infringed and continues to infringe at least claim 1 of the '291 patent during the pendency of the '291 patent.

25. CDN has been harmed by the D-Link's infringing activities.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 7,565,699

26. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

27. On July 21, 2009, the '699 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity."

28. CDN is the assignee and owner of the right, title and interest in and to the '699 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

29. Upon information and belief, D-Link has and continues to directly infringe one or more claims of the '699 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit B2 hereto (the "*Accused Port Triggering Instrumentalities*").   For example, upon information and belief, D-Link at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in United States.

30. Exemplary infringement analysis showing infringement of at least claim 1 of the '699 patent is set forth in Exhibit B2.   This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by D-Link with respect to the '699 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.   Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '699 patent.

31. Upon information and belief, users of devices containing *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claim 1 of the

'699 patent.

32.    D-Link's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 1 of the '699 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  D-Link's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use of router products designed to utilize port triggering functionality.

33.    For example, on its website, D-Link expressly states in the User Manual for AC1750 MU-MIMO Wi-Fi Gigabit Router (DIR-867) that port forwarding is implemented. https://support.dlink.com/resource/PRODUCTS/DIR-867/REVA/DIR-867_REVA_MANUAL_v1.02_WW.pdf (last visited 02/01/2023).  Further, on AT&T website, steps for setting up port triggering for D-Link router is provided.  https://asecare.att.com/wp-content/uploads/2017/02/Setting-Up-Port-Triggering-for-D-Link-Routers-3742.pdf (last visited 02/01/2023).  Such evidence demonstrates D-Link's specific intent (or at least willful blindness) to actively aid and abet others to infringe, including but not limited to D-Link's partners and downstream customers, whose use of the *Accused Port Triggering Instrumentalities* constitutes direct infringement of at least claim 1 of the '699 patent.

34.    Upon information and belief, D-Link is also liable as a contributory infringer of the '699 patent under 35 U.S.C. § 271(c).  D-Link offers to sell, sells and/or imports into the United States the *Accused Port Triggering Instrumentalities, which are* especially configured to enable router port forwarding/port triggering.  D-Link's such activities, as shown in Exhibit B2, constitute an infringement of the '699 patent.   The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '699 patent and are specifically made and are

not a staple article of commerce suitable for substantial non-infringing use.

35. The *Accused Port Triggering Instrumentality* infringed and continues to infringe at least claim 1 of the '699 patent during the pendency of the '699 patent.

36. CDN has been harmed by the D-Link's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CDN demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CDN demands judgment for itself and against D-Link as follows:

A. An adjudication that the D-Link has infringed the patents asserted herein;

B. An award of damages to be paid by D-Link adequate to compensate CDN for past infringement of the patents asserted herein, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDN's reasonable attorneys' fees; and

D. An award to CDN of such further relief at law or in equity as the Court deems just and proper.

Dated: February 2, 2023

DEVLIN LAW FIRM LLC

*/s/ James Lennon*
James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*CDN Innovations, LLC*